## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

GOLDIE MOBLEY,                               )  Case No.:      0:21-cv-02693-MGL
                                             )
        Plaintiff,                 )
                                             )
    vs.                                )
                                             )  COMPLAINT
NAVIENT SOLUTIONS, LLC, INC;                 )
EQUIFAX INFORMATION SERVICES,                )
LLC and TRANSUNION, LLC.                     )
                                             )
        Defendants.

Plaintiff, Goldie Mobley (hereinafter "Plaintiff") alleges:

### PRELIMINARY STATEMENT

1.     This is an action for damages arising from Defendants' violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.      Venue is proper in this district under 28 U.S.C §1391(b).

### PARTIES

4.     Plaintiff is a natural person who at all relevant times has resided in Rock Hill, South Carolina.

5.     Defendant Navient Solutions, LLC. ("Navient") is a corporation that regularly conducts business in South Carolina with its principal place of business at 123 Justison Street, Wilmington, Delaware 19808.  Navient regularly and in the ordinary course of business furnishes information

to various consumer reporting agencies regarding Navient's transactions with consumers, and is a "furnisher" of information.

6.      Defendant Equifax Information Services, LLC ("Equifax") is a business entity that regularly conducts business in South Carolina with its principal place of business as 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

7.      Defendant TransUnion, LLC ("TransUnion") is a business entity that regularly conducts business in South Carolina with its principal place of business as 555 West Adams Street, Chicago, Illinois 60661. TransUnion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## FACTUAL STATEMENT

8.      On a date better known by Defendant, Plaintiff incurred student loan debt to finance their education with Navient as the servicer on Plaintiff's relevant student loan accounts bearing these account numbers Navient   0R042**********,   0R062**********,   0R012**********, 0R022**********, 0R022**********. (the "Accounts").

9.      On or about May 2019, the Navient Accounts were transferred, sold, or otherwise purchased by another unknown student loan servicer.

10.     After that point in time, Plaintiff indisputably was no longer obligated to make monthly payments on the Accounts to Navient, as the debts had been transferred, sold, or otherwise purchased by another unknown student loan servicer.

11.     Despite this, Navient continues to report to Equifax and TransUnion that Plaintiff's payment status is *currently* late by greater than 120 days.

12.     A payment status of "Late 120 Days" is false and misleading because the balance owed to Navient is clearly and unambiguously $0.00. Payment is not and cannot be currently late.

13.     The payment status field within which Navient is reporting Plaintiff as currently late is a field that is specifically designed to be understood as the current status of the account. As such, the credit scoring algorithms specifically take this data field into account when calculating and generating a credit score. As a result, when a late status is being reported in the pay status field, even where the account has a zero balance or a zero monthly obligation, the credit scoring algorithm calculates the negative status as an active delinquency as opposed to a historical delinquency. This causes the credit score generated to be lower than it should be had the pay status been reported as closed consistent with the industry standard.

14.     A lower credit score hurts consumer creditworthiness because lenders have different tiers of risk, and a consumer with a lower credit score will often be placed into a lower tier. Thus, Plaintiff's creditors and prospective creditors are misled as a result of a lower credit score caused by Navient's erroneous payment status because the creditors make their credit lending decisions based substantially on the credit scores generated (in most instances).

15.     To address the incorrect status which was artificially lowering Plaintiff's credit score, Plaintiff sent a dispute letter to the credit bureaus, including Defendant TransUnion, on or about August 22nd, 2019.

16.     After receiving a dispute from Plaintiff concerning the erroneous information of the Navient Accounts, Defendants Equifax and TransUnion forwarded Plaintiff's disputes on to Navient.

17.     Defendant Navient failed to conduct a reasonable investigation and continued reporting an erroneous late payment status on Plaintiff's Equifax and TransUnion reports.

18.     Defendants Equifax and TransUnion also failed to conduct a reasonable investigation and continued allowing the reporting of an erroneous late payment status.

19.     As a result of Defendants' actions, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit. Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on Plaintiff's credit report and credit worthiness which were inconsistent with how the industry standard instructs furnishers of information to report.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY NAVIENT SOLUTIONS, LLC.

20.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

21.     At all times pertinent hereto, Navient was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

22.     Navient willfully and negligently supplied Equifax and TransUnion with information about Plaintiff that was false, misleading, and inaccurate.

23.     Navient willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed.

24.     Navient willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

25.     Navient willfully and negligently failed to report the trade line as one in dispute.

26.     Navient willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

27.     Navient willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

28.     Defendants Equifax and TransUnion prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports with the Navient error to third parties regarding Plaintiff.

29.     Navient willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

30.     As a direct and proximate cause of Navient's failure to perform its duties under the FCRA, Plaintiff has suffered injury to Plaintiff's credit worthiness.

31.     Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on Plaintiff's credit report and credit worthiness.

32.     Navient's conduct, action and inaction were willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

33.     In the alternative, Navient was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against Navient for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EQUIFAX INFORMATION SERVICES, LLC.

34.     Plaintiff repeats, re-alleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

35.     Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

36.     Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

37.     After receiving Plaintiff's dispute highlighting the errors, Equifax negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

38.     As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit.

39.     Equifax's conduct, action and inaction were willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

40.     In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

**BY TRANSUNION, LLC.**

41.     Plaintiff repeats, re-alleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

42.     Defendant TransUnion prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

43.     TransUnion negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

44.     After receiving Plaintiff's dispute highlighting the errors, TransUnion negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

45.     As a direct and proximate cause of TransUnion's failure to perform its duties under the FCRA, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit.

46.     TransUnion's conduct, action and inaction were willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

47.     In the alternative, TransUnion was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

     **WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against TransUnion for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

**JURY TRIAL DEMAND**

48.     Plaintiff demands a jury trial on all issues so triable.

Dated this 18th, of August, 2021.

Respectfully Submitted,


/s/Chauntel Bland
Chauntel Bland, Esq.
Law Office of Chauntel Demetrius Bland
463 Regency Park Drive
Columbia, SC 29210
(803)319-6262
chauntel.bland@yahoo.com
*Attorney for Plaintiff*